UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

              Plaintiff,

   – against –

NORTHFIELD INSURANCE
COMPANY,

            Defendant.

**MEMORANDUM, ORDER AND JUDGMENT**

14-CV-1366

**Parties**

Employers Insurance Company of Wausau

Northfield Insurance Company

**Appearances**

Marshall T. Potashner
David R. Shyer
Jaffe & Asher LLP
600 Third Ave., 9th Floor
New York, New York 10016
(212) 687-3000
mpotashner@jaffeandasher.com
dshyer@jaffeandasher.com

Judith Treger Shelton
Jessica L. Foscolo
Elsa Johanna Schmidt
Kenney Shelton Liptak Nowak LLP
The Calumet Building
233 Franklin Street
Buffalo, New York 14202
(716) 853-3801
jtshelton@kslnlaw.com
jlfoscolo@kslnlaw.com
ejschmidt@kslnlaw.com

JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I.      Introduction ...................................................................................................................2

II.     Facts...........................................................................................................................3

III.    Law ..............................................................................................................................7

        A.      Summary Judgment .......................................................................................7

        B.      Insurer's Duty to Indemnify and Defend .............................................................8

IV.     Application ..................................................................................................................9

V.      Conclusion.................................................................................................................10

## I.      Introduction

MPCC Corp. ("MPCC") is a general contractor named as a defendant in a personal injury case filed in New York Supreme Court, Kings County, captioned *Wagstaffe v. MPCC Corp., et al.*, No. 12729-2013 ("*Wagstaffe* Action"). Defendant, Northfield Insurance Company ("Northfield"), refuses to defend MPCC in the *Wagstaffe* Action.

Plaintiff, Employers Insurance Company of Wausau ("Employers Insurance"), is MPCC's general insurance liability carrier. Employers Insurance argues that Northfield is obligated to provide a defense of MPCC in the *Wagstaffe* Action pursuant to a commercial general liability insurance policy between it and Finest Window, Inc. ("Finest"), a MPCC sub-contractor.

Moving for summary judgment, plaintiff relies on the traditional and substantive New York insurance rule of a broad, powerful, and longstanding policy in favor of an insurer's duty to defend, even when indemnification claims verge on, or fail to pass, a frivolity test.

Defendant can succeed on its motion for summary judgment only by an extension of the Supreme Court's recent *Iqbal* restrictive pleading rule and its *Shady Grove* procedural

characterization of issues in cases in pending in the federal court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (plurality op.). To permit such an extravagant combination and extension of these two recent lines of developing Supreme Court cases in a duty-to-defend New York state case would distort a central substantive contract-insurance law of that state. The court is not willing to go so far in attenuating state duty to defend jurisprudence.

In accordance with New York substantive law, defendant insurance company Northfield has a duty to defend MPCC in the *Wagstaffe* Action, even though the claim for indemnification appears to be frivolous.

Defendant's motion for summary judgment is denied. Plaintiff's motion for summary judgment on the duty to defend is granted. The question of defendant's duty to indemnify is not yet ripe for decision in light of the unresolved underlying state action.

## II.    Facts

The underlying injury which triggered the insurance policy claim at issue occurred on February 4, 2014, at 250 Schermerhorn Street, Brooklyn, New York. Decl. of Michael Pardy in Support of Wausau's Mot. for Partial Summ. J., July 16, 2015, ECF No. 23-1 ("Pardy Decl."), at Ex. 1 (First Am. Verified Compl., *Wagstaffe v. MPCC Corp., et al.*, No. 12729-2013 (N.Y. Sup. Ct. July 30, 2013) ("*Wagstaffe* Compl.")).

The building had undergone renovations that were substantially complete by 2011. Aff. of Jessica L. Foscolo in Opp'n to Employers Ins. Co. of Wausau's Mot. for Partial Summ. J., Aug. 27, 2015, ECF No. 31 ("Foscolo Aff."), at Ex. B (Deposition of MPCC), at 43:5-9; *id.* at Ex. D (Deposition of Horatio Wagstaffe), at 27:16-29:9.

The plaintiff in the underlying action, Horatio Wagstaffe, was employed in the building. Foscolo Aff. at Ex. D, at 18:22-25. He alleges that an unknown assailant gained entrance to the

3

building through what was supposed to be a locked door and assaulted him on February 4, 2014; access was gained because a claimed defect in the door or its lock. *Wagstaffe* Compl. at ¶¶ 21-24. Mr. Wagstaffe commenced an action in New York Supreme Court against five companies that he alleges were responsible for the installation and maintenance of the doors and locks at the building. *See id.* at ¶¶ 14-19. The named defendants include MPCC, the general contractor from the recent renovations, and Finest, a subcontractor hired by MPCC. Compl. at ¶¶ 17-18.

The contract between MPCC and Finest required Finest to maintain a commercial general liability insurance policy from the date of the contract – April 19, 2010 – through the final project completion date. Pardy Decl. at Ex. 11. The policy terms were required to "include a two year extension beyond acceptance date" for "Products/Completed Operations," to name MPCC as an additional insured, and to provide for $1,000,000 in coverage for each occurrence of bodily injury and property damage. *Id.* The policy was also to serve as primary insurance, rather than excess insurance. *Id.*

The contract provided that Finest agreed to indemnify MPCC "during the performance" of Finest's work. *Id.*

Finest obtained commercial general liability insurance policy number WS159623 ("Policy") from defendant Northfield. Pardy Decl. at Ex. 12. Finest was listed as the Named Insured on the Policy; it provided for $1,000,000 in coverage for each occurrence and a policy period of January 10, 2013 to January 10, 2014. *Id.*

In addition to Finest, the Policy covered "any person or organization that you [Finest] agree in a 'written contract requiring insurance' to include as an additional insured on this Coverage Part." *Id.* The terms of the Policy limited the coverage provided to these additional insureds, excluding "'bodily injury' or 'property damage' caused by 'your work' and included in

4

the 'products-completed operations hazard.'" *Id.* After completion of work, coverage did not

apply. The "products-completed operations hazard" was defined as

> all 'bodily injury' and 'property damage' occurring away from
> premises you own or rent and arising out of 'your product' or 'your
> work' except:
>
> (1) Products that are still in your physical possession; or
>
> (2) Work that has not yet been completed or abandoned.
> However, "your work" will be deemed completed at the earliest of
> the following times:
>
> (a) When all of the work called for in your contract has been
> completed.
>
> (b) When all of the work to be done at the job site has been
> completed if your contract calls for work at more than one job site.
>
> (c) When that part of the work done at a job site has been put to its
> intended use by any person or organization other than another
> contractor or subcontractor working on the same project.
>
> *Work that may need service, maintenance, correction, repair or
> replacement, but which is otherwise complete, will be treated as
> completed.*

*Id.* (emphasis added).

MPCC separately obtained a general commercial liability insurance policy from

Employers Insurance. *See* Pardy Decl. at Ex. 2.

On August 23, 2013, Employers Insurance, as MPCC's general liability carrier, made a

formal demand for insurance coverage to Northfield for the costs incurred in defending the

*Wagstaffe* Action. *See* Pardy Decl. at Ex. 3. After receiving no response to its letter, Employers

Insurance wrote to Northfield on September 11, 2013, requesting that Northfield acknowledge

the demand for coverage and honor its obligations under the contract between MPCC and Finest.

*See* Pardy Decl. at Ex. 4.

On October 1, 2013, Northfield formally rejected Employers Insurance's request for coverage. *See* Pardy Decl. at Ex. 5. Northfield's letter denying coverage stated that MPCC did not qualify as an additional insured under the Policy with Finest for two reasons. First, "[t]o the extent the plaintiff [Wagstaffe] has alleged independent acts of negligence against [MPCC], they do not qualify as an additional insured under the policy issued to Finest Window." *Id.* Second, "because this claim involves 'bodily injury' included in the 'products-completed operations hazard' [MPCC] does not qualify as an additional insured on the policy issued to Finest Window." *Id.*

Northfield declared in its disclaimer that the indemnification requirement in the contract between MPCC and Finest only existed "during the performance" of Finest's work. Because the allegations in the *Wagstaffe* Complaint arose after the completion of Finest's work, Northfield concluded that the indemnification provision was inapplicable. *Id.*

On October 9, 2013, Employers Insurance requested that Northfield reconsider its denial of coverage. Pardy Decl. at Ex. 6. Employers Insurance argued that the Policy should cover the claims raised in the *Wagstaffe* Complaint because Finest was responsible for the "actual installation of the doors and frames," and it was the allegedly negligent acts or omissions of Finest with respect to the doors that caused Mr. Wagstaffe's injuries. *Id.* Additionally, Employers Insurance explained that Finest's work was not completed because it "was on site and was correcting its improper installation work, performing ongoing [work] on remediation operations at or about the time of plaintiff's alleged incident." *Id.*

Northfield replied to Employers Insurance on October 15, 2013, maintaining its refusal to provide insurance coverage for MPCC. Pardy Decl. at Ex. 7. It repeated the position that the Policy does not provide coverage for completed operations, and even if work was being done to

correct or repair previously completed work, the Policy considers such work to be "completed." *Id.*

On February 24, 2014, Employers Insurance commenced the instant action against Northfield. *See* Compl., Feb. 28, 2014, ECF No. 1. It seeks a declaratory judgment with respect to Northfield's obligations to defend and indemnify MPCC under the Policy, and money damages for Northfield's failure to provide coverage as requested. *Id.* at ¶¶ 34-42.

On July 20, 2015, defendant Northfield filed a motion for summary judgment. Not. of Northfield Ins. Co.'s Mot. for Summ. J., July 20, 2015, ECF No. 24. Plaintiff Employers Insurance filed a motion for partial summary judgment on all issues except for indemnification. Not. of Mot. for Partial Summ. J., July 20, 2015, ECF No. 23.

## III. Law

### A. Summary Judgment

"Summary judgment is granted when the movant shows that there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Worrell v. New York City Dep't of Educ.*, No. 14-CV-7276, --- F. Supp. 3d ----, 2015 WL 6390191, at *4 (E.D.N.Y. Oct. 22, 2015) (quoting Fed. R. Civ. P. 56(a)).

"When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party, resolving all ambiguities and drawing all reasonable inferences against the movant." *Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232, 247 (E.D.N.Y. 2015), *appeal dismissed per stipulation*, No. 15-1650 (2d Cir. June 15, 2015) (citing *Capobianco v. City of N.Y.*, 422 F.3d 47, 54-55 (2d Cir. 2005)). "Summary judgment is appropriate . . . where the record taken as a whole could not lead a rational trier of fact to find in favor of the non-moving party." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004) (citations and internal quotation marks omitted).

**B.     Insurer's Duty to Indemnify and Defend**

"New York law distinguishes between the duty to indemnify and the duty to defend, applying 'very different presumptions' to each." *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.,* 720 F.3d 71, 76-77 (2d Cir. 2013) (quoting *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.,* 252 F.3d 608, 615 (2d Cir. 2001)). While the duty to indemnify "is determined by the actual basis for the insured's liability to a third person," the duty to defend "is measured against the allegations of pleadings [of the underlying case]." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.,* 754 F.3d 136, 140 (2d Cir. 2014), *reh'g and/or transfer denied* (July 28, 2014) (citations omitted).

> In deciding whether an insurance policy requires an insurer to indemnify an insured's loss, [the court] must first examine whether there is a reasonable basis for a difference of opinion as to the meaning of the policy . . . If there is, the language at issue would be deemed to be ambiguous and thus interpreted in favor of the insured . . . This is because New York follows the maxim of *contra proferentem* in insurance cases: where the plain language of a policy permits more than one reasonable reading, a court must adopt the reading upholding coverage.

*CGS Indus.,* 720 F.3d at 77 (citations omitted).

An "insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage." *Euchner-USA, Inc.,* 754 F.3d at 141 (citations omitted); *see also Century 21, Inc. v. Diamond State Ins. Co.,* 442 F.3d 79, 82 (2d Cir. 2006) ("Where allegations fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be, there is a duty to defend.") (citations omitted). "The analysis depends on the facts which are pleaded [in the underlying complaint] . . . ." *Euchner-USA,* 754 F.3d at 142 (citations omitted). "The duty [to defend] remains even though facts outside the four corners of [the] pleadings indicate that the claim *may be* meritless or not covered." *Id.* at 141 (emphasis added).

"An insurer's duty to defend . . . ends if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision." *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 97 (2d Cir. 2002); *see also CGS Indus.*, 720 F.3d at 77 ("To avoid the duty to defend, an insurer must demonstrate that the allegations of an underlying complaint place that pleading solely and entirely within the exclusions of the policy and that the allegations are subject to no other interpretation.") (citations omitted); *Century 21*, 442 F.3d at 82-83 ("defense obligation may be avoided only where there is no possible factual or legal basis on which an insurer's duty to indemnify under any provision of the policy could be held to attach") (citations omitted).

## IV.    Application

Because of the breadth of the duty to defend under New York law, the inclusion of an allegation in the *Wagstaffe* state court complaint that falls outside of the products-completed operations hazard exception – even if the allegation is against the weight of the evidence in the record – requires a finding that Northfield does have a duty to defend MPCC in the *Wagstaffe* Action.

The *Wagstaffe* Complaint alleges that the door through which the unknown assailant purportedly gained entrance was "*designed and/or installed* to be permanently locked from the outside and only accessible with a key." *Wagstaffe* Compl. at ¶ 20 (emphasis added). This allegation indicates that installation of the door had been completed sometime prior to February 4, 2013, the date of the assault. Moreover, the *Wagstaffe* Complaint alleges that Mr. Wagstaffe used that same door on the same morning. *Id.* at ¶ 21. Thus, not only was installation of the door complete, but it was in use.

The Policy excludes coverage for bodily injury caused by "completed" work. "Completed," for purposes of the Policy, means, *inter alia*, "When that part of the work done at a

9

job site *has been put to its intended use* by any person or organization other than another contractor or subcontractor working on the same project." Pardy Decl. at Ex. 12 (emphasis added). Mr. Wagstaffe's use of the door, as alleged in his complaint, means that Finest's work had been completed and the Policy was no longer applicable. This conclusion is supported by the contract between MPCC and Finest, which defines the scope of Finest's work to installation of doors and windows, and by deposition testimony. *See* Pardy Decl. at Ex. 11; Foscolo Aff. at Ex. B at 43:5-13, and Ex. D at 29:6-9.

If the *Wagstaffe* Complaint alleged nothing further, then it would be appropriate to grant Northfield's motion. The *Wagstaffe* Complaint, however, also alleges that Finest's work included "manag[ing]" and control[ing]" the door in question. *Wagstaffe* Compl. at ¶ 15. This allegation – regardless of its truth – is not covered by the products-completed operations hazard exception. Because the allegations of the complaint do not wholly fall within the exception, New York's long-standing policy favoring a very broad duty to defend requires Northfield to defend MPCC in the *Wagstaffe* Action. *See Euchner-USA*, 754 F.3d at 140-41; *Century 21*, 442 F.3d at 82-83.

Construing this allegation as procedural and discounting it under federal practice such as *Iqbal* and *Shady Grove* cannot be justified. Doing so would push the holdings of those precedents, creating a massive change in the inter-insurance company world, affecting the bedrock insurance substantive law.

## V. Conclusion

Defendant's motion for summary judgment is denied. Plaintiff's motion for partial summary judgment is granted.

A declaratory judgment that Northfield Insurance Company shall defend MPCC Corp., a defendant in *Wagstaffe v. MPCC Corp., et al.*, No. 12729-2013 (N.Y. Sup. Ct. July 30, 2013), is

granted.

Because the only remaining issue in the case indemnification, and the outcome of that issue is dependent on the outcome in the *Wagstaffe* Action, this case is administratively closed pending the resolution of the *Wagstaffe* Action. Once the *Wagstaffe* Action has been resolved, the parties shall file a letter with the court requesting a status conference.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: December 15, 2015
Brooklyn, New York